# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:26-cv-00093-MR

| | | |
|---|---|---|
| MICROTECH KNIVES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF DECISION AND ORDER** |
| | ) | |
| NORTHEDC ECOM, LLC, | ) | |
| NORTHEDC, LLC, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to Serve Third-Party Subpoenas Prior to Rule 26(f) Conference [Doc. 5].

## I. PROCEDURAL BACKGROUND

On April 1, 2026, Plaintiff Microtech Knives, Inc. filed a Complaint for trademark infringement, alleging that NorthEDC, LLC, NorthEDC Ecom, LLC, and John Doe (collectively, the "Defendants") committed violations of the Lanham Act, North Carolina common law, and N.C. Gen. Stat. § 75-1.1. [Doc. 1]. On April 7, 2026, the Plaintiff filed the instant motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference on Namecheap, Inc., the domain registrar of the Defendants' website, in order to obtain information sufficient to identify the Defendants so that the Plaintiff can serve

them with the Complaint.  [Doc. 5].  Specifically, the Plaintiff seeks by way of these subpoenas the "names, communications regarding the domain name, physical addresses, email addresses, telephone number, and payment or account information associated with Defendants."  [Id. at 1].

## II.   FACTUAL BACKGROUND

Taking the factual allegations of the Plaintiff's Complaint as true, the following is a recitation of the relevant facts.

Plaintiff is the holder of four trademarks, referred to as the "Microtech Marks," which it uses to promote and distribute its "premium knives."  [Doc. 1 at ¶¶ 19-22].  Each of these marks is published on the Principal Register in the United States Patent and Trademark Office, and two of these marks have been used since 1994.  [Id. at ¶¶ 23-24].  The marks have become "well-known among consumers," and represent an "extraordinarily valuable goodwill."  [Id. at ¶ 36].

The Defendants market, sell, and distribute counterfeit knives that bear the Microtech Marks.  [Id. at ¶ 37].  The Defendants advertise these knives through several online channels, including social media, "search ads," and a website called "www.NorthEDC.com."  [Id. at ¶¶ 39-41].  Consumers have been confused as to the source of the Defendants' products and have been

led to believe that the counterfeit products are endorsed by or affiliated with the Plaintiff. [Id. at ¶ 45].

The Plaintiff now moves the Court to allow it to take discovery from Namecheap, the domain registrar of the website that the Defendants use to sell their knives. [Doc. 5-1 at 1]. The subpoena will seek documents containing information that can identify the Defendants. [Id.].

## III. DISCUSSION

A plaintiff's right to issue subpoenas on third parties before the Rule 26(f) conference in order to identify unknown defendants is well-established. See, e.g., Moore v. Doe, No. 1:19-cv-01018-LMB-MSN, 2019 WL 13294603, at *1 (E.D. Va. Sept. 13, 2019). The Federal Rules explicitly authorize courts to permit discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order.").

The only question is whether the anonymous defendant's identity is shielded from disclosure by the First Amendment. This question is determined using the following factors: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a

3

central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy." LHF Prods., Inc. v. Does 1-5, No. 1:17-cv-00151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017) (internal quotation marks omitted).

First, the Plaintiff's Complaint states a prima facie claim of trademark infringement. "To demonstrate trademark infringement under the Lanham Act, a plaintiff must prove, first, that it owns a valid and protectable mark, and, second, that the defendant's use of a 'reproduction, counterfeit, copy, or colorable imitation' of that mark creates a likelihood of confusion." CareFirst of Maryland, Inc. v. First Care, P.C., 434 F.3d 263, 267 (4th Cir. 2006) (quoting 15 U.S.C. § 1114(1)(a)).

Here, the Plaintiff has shown that it owns valid and protectable marks. [See Docs. 1-3 to 1-6]. It has also shown that the Defendants' use of those marks creates a likelihood of confusion: the Defendants' offending use relies on exact imitations of both the Plaintiff's marks and the Plaintiff's products. [See Doc. 1 at ¶¶ 38-47]. As such, the Plaintiff has made a concrete showing of a prima facie claim of actionable harm.

Second, the discovery request is sufficiently specific to establish a reasonable likelihood that the identities of the Defendants can be ascertained so that they can be properly served. Third, the Plaintiff has

shown that there are no alternative means to obtain information on the identities of the Defendants. Namecheap, the registrar associated with the Defendants' website, "will not share customer or account information except when required by law or legal process." [Doc. 5-1 at 5-6].

Fourth, the Plaintiff has shown that the information it seeks to subpoena is centrally needed to advance the Plaintiff's claims. The Plaintiff simply cannot identify the Defendants and serve process on them without the information sought. Finally, the Defendants' expectations of privacy are minimal, as privacy is the very weapon that the Defendants are allegedly using to infringe on the Plaintiff's trademarks. As such, any minimal expectations of privacy that the Defendants have are insufficient under the circumstances to shield their identities from discovery.

In sum, the factors weigh in favor of allowing the Plaintiff to conduct pre-Rule 26(f) conference discovery by service of subpoenas on Namecheap.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Leave to Serve Third-Party Subpoenas Prior to Rule 26(f) Conference [Doc. 5] is hereby **GRANTED.**

5

**IT IS FURTHER ORDERED** as follows:

1.  The Plaintiff may issue a subpoena to Namecheap, Inc. pursuant to which the Plaintiff may seek the following information: names, communications regarding the domain name, physical addresses, email addresses, telephone numbers, and payment or account information. The Plaintiff shall attach to any subpoena a copy of this Memorandum of Decision and Order.

2.  Any information disclosed to the Plaintiff in response to a subpoena may be used by the Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in the Complaint.

3.  Namecheap, Inc. shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

4.  On or before sixty (60) days from the date of the entry of this Memorandum of Decision and Order, the Plaintiff shall file a Status Report with the Court briefly outlining its progress, including the expected completion date of the discovery allowed by this Memorandum and Order.

**IT IS SO ORDERED.**   Signed: May 6, 2026

Martin Reidinger
Chief United States District Judge

6